
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7038 | **DATE** | 2/22/2001 |
| **CASE TITLE** | In Re: In re: Doctors Hospital | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: For these reasons, we find that the Bankruptcy Court acted within its discretion in approving American Express' retention, and the order of the Bankruptcy Court is affirmed. This case is hereby terminated, and all other pending motions are deemed moot by this order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | FEB 2 6 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | | 16 |
| ✓ | Mail AO 450 form. | | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | | | |
| TSA | courtroom deputy's initials | | FEB 23 PM 4:09 | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | Case No. 00 C 7038 |
| ) | |
| DOCTORS HOSPITAL OF ) | Honorable Wayne R. Andersen |
| HYDE PARK, INC., ) | |
| ) | |
| Debtor. ) | Appeal from an Order of the |
| ) | Bankruptcy Court under |
| ) | Case No. 00 B 11520 |
| ) | Hon. Carol A. Doyle, Presiding Judge |

**DOCKETED FEB 2 6 2001**

## MEMORANDUM OPINION AND ORDER

This case is before the court on the appeal filed by Dr. James Desnick from the Bankruptcy Court's October 30, 2000 ruling on the Application of the Committee of Unsecured Creditors of Doctors Hospital of Hyde Park, Inc. (the "Committee") to employ American Express Tax and Business Services, Inc. ("American Express") as accountants and financial advisors. For the reasons stated below, we affirm the decision of the Bankruptcy Court.

### BACKGROUND

On September 27, 2000, the Committee presented its Application to retain American Express as forensic accountants and financial advisors to the Committee. The Committee wanted to hire American Express as a litigation expert to assist it in investigating and prosecuting claims against third parties, including claims against Dr. Desnick. American Express began its work for the Committee on August 28, 2000.

One of American Express' junior employees is financial advisor Derren Geiger. Mr. Geiger joined American Express on April 3, 2000. Prior to April 2000, Mr. Geiger was employed by Navigant Consulting. While Mr. Geiger was an employee of Navigant, he performed work for Dr.

Desnick on behalf of Winston & Strawn. During the course of preparing work product for Winston & Strawn, Dr. Desnick claims that Mr. Geiger was privy to attorney-client privileged information.

At a September 27, 2000 hearing, Dr. Desnick advised the Bankruptcy Court of a potential conflict of interest between Dr. Desnick and American Express which violated his attorney-client privilege. Dr. Desnick claimed that Mr. Geiger, while employed at Navigant, received confidential information subject to the attorney-client privilege. Dr. Desnick objected on the grounds that the two matters were substantially related and that American Express had not erected a screen around Mr. Geiger before beginning work for the Committee. The Bankruptcy Court continued the hearing to October 3, 2000 to allow the parties to investigate both the legal and factual issues.

Following the September 27, 2000 hearing, which was the first time that American Express learned of any possible connection between Mr. Geiger and Dr. Desnick, American Express took steps to screen Mr. Geiger from any work on the Doctors Hospital matter. Michael Lane, a managing director at American Express, met with Mr. Geiger to determine whether Mr. Geiger had worked on any matters related to Doctors Hospital. Mr. Geiger told Mr. Lane that he "believed he had aided in the preparation of personal tax returns for Dr. Desnick and his wife," but did not recall working on any matters related to Doctors Hospital. Mr. Lane informed Mr. Geiger that Mr. Geiger was not to discuss matters related to Doctors Hospital or to Dr. Desnick with other American Express employees. Mr. Lane also told Mr. Geiger that he would not be allowed to work on the Doctors Hospital matter. Later that day, Mr. Geiger and Mr. Lane also met with Scott Peltz, a managing director at American Express, during which meeting Mr. Geiger again was told to maintain the confidentiality of any information that he may have received about Dr. Desnick. On

October 11, 2000, American Express circulated a memorandum to all employees to inform them that Mr. Geiger was prohibited from working on the Doctors Hospital matter or from discussing it with any American Express employees.

On October 11, 2000, Dr. Desnick filed a written objection to the Application. Dr. Desnick presented the affidavit of Ken Malek, the director of Navigant Consulting, which alleged that Malek had "provided confidential attorney/client privileged information regarding Dr. Desnick to Derren Geiger." Dr. Desnick was granted leave to take Mr. Geiger's deposition. In his deposition testimony, Mr. Geiger testified that he worked on Dr. and Mrs. Desnick's personal tax returns. However, he was not asked whether he received any confidential information to enable Winston & Strawn to render legal advice to Dr. Desnick.

On October 30, 2000, the Bankruptcy Court overruled Dr. Desnick's Objection and approved the Application. The Bankruptcy Court held that American Express met the Bankruptcy Code's retention requirements because American Express was disinterested and held no materially adverse interest to the estate at the time of its application. Moreover, the Bankruptcy Court concluded that no legal authority supported imputed disqualification of an accounting firm because a junior member of the firm may have had access to privileged information during his previous employment. Finally, the Bankruptcy Court held that because American Express was able to erect barriers to prevent disclosure and it was undisputed that Mr. Geiger had not disclosed any confidences, the imputed disqualification of American Express was unwarranted even if Mr. Geiger possessed privileged information.

On November 2, 2000, Dr. Desnick filed his Notice of Appeal. Dr. Desnick then moved for a stay pending appeal, which was denied by the Bankruptcy Court on November 15, 2000.

3

## DISCUSSION

I. The Bankruptcy Court Properly Held That American Express Should Not Be Disqualified

Dr. Desnick first argues that the Bankruptcy Court incorrectly determined that Mr. Geiger could not be bound by the attorney-client privilege. To the contrary, the Bankruptcy Court correctly held that the privilege can apply to non-attorneys, but that the party seeking the cloak of the privilege must establish that information was given to the person for the specific purpose of giving a legal opinion. In this case, Dr. Desnick does not provide factual support for the assertion that Mr. Geiger received information for the purpose of enabling him to assist Winston & Strawn in rendering legal advice to Dr. Desnick. Dr. Desnick never made any showing beyond the blanket assertion in the Malek affidavit. Mr. Geiger testified in his deposition that he worked on Dr. Desnick's tax returns while at Navigant, but he never testified that he did anything more than that for Dr. Desnick. Therefore, we agree with the Bankruptcy Court that Dr. Desnick has not proven that the information conveyed to Mr. Geiger was done for the specific purpose of enabling Winston & Strawn to render legal advice and, thus, the privilege does not apply.

Dr. Desnick also argues that because Mr. Geiger may have confidential information and is disqualified, this disqualification should be imputed to his entire firm. The Bankruptcy Court rejected this notion of imputed disqualification, as have many other courts. See, e.g., In re Capen Wholesale, 184 B.R. 547 (N..D. Ill. 1995). In Capen, the Bankruptcy Court originally denied the debtor's application to retain a law firm because one of its members did not meet the Bankruptcy Code's disinterestedness requirement. The District Court reversed, holding that the law firm could be retained, but ordered that the disqualified attorney "shall not participate in any way in the

4

bankruptcy proceedings." Id. at 551. Likewise, in this case, the Bankruptcy Court held that there is no authority for the position that an entire financial services firm should be excluded based on the possibility that one of the junior employees has received some attorney-client information in a context of a different employment. We agree.

In this case, it is undisputed that Mr. Geiger has not disclosed any confidences. The evidence shows that Mr. Lane, who is supervising the case for American Express, instructed Mr. Geiger on the day that Mr. Lane learned of any potential conflict, not to discuss anything regarding Dr. Desnick with anyone else at the firm. A memorandum has been circulated within American Express informing all employees that Mr. Geiger is not working on the case and that no one should speak with him about the case. Moreover, Mr. Geiger has not and will not work on matters related to this case. These measures are adequate to ensure that Mr. Geiger will not disclose any allegedly confidential information regarding Dr. Desnick. Therefore, even if he had privileged information, it has not been disclosed and, thus, there is no basis for disqualification of the entire American Express firm.

We also find that American Express has complied with the disclosure requirements of Bankruptcy Rule 2014. At the time of the filing of its original affidavit in support of the retention application, American Express was unaware of Mr. Geiger's past indirect connection with Dr. Desnick even after having performed its customary internal due diligence search for potential conflicts. Therefore, we reject Dr. Desnick's contention that American Express has not complied with the disclosure requirements of Bankruptcy Rule 2014.

## CONCLUSION

For these reasons, we find that the Bankruptcy Court acted within its discretion in approving American Express' retention, and the order of the Bankruptcy Court is affirmed. This case is hereby terminated, and all other pending motions are deemed moot by this order.

Wayne R. Andersen
United States District Judge

Dated: February 22, 2001